IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA    )
    )
v.    )    Criminal No. 3:19–cr–138–HEH
    )
SAMUEL LEE MURCHISON,    )
    )
    Petitioner.    )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

THIS MATTER is before the Court on Samuel Lee Murchison's ("Murchison"), a federal inmate proceeding *pro se*, Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal conviction and sentence. ("§ 2255 Motion," ECF No. 60).[1]  The Government has filed a Response, arguing *inter alia*, that Murchison's § 2255 Motion is barred by the statute of limitations. (ECF No. 63.)  Murchison has not responded.  For the reasons set forth below, the § 2255 Motion will be denied.

## I. PROCEDURAL HISTORY

On September 18, 2019, a grand jury indicted Murchison with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count One), and possession with intent to distribute a mixture and substance containing a detectible amount of cocaine, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(C) (Count Two). (ECF

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system.  The Court corrects the spelling, punctuation, and capitalization in quotations from Murchison's submission.

No. 1.)  After the Court denied Murchison's motion to suppress (ECF Nos. 19, 20), he

entered into a Plea Agreement as to Count One (ECF No. 22 ¶1).  In the Plea Agreement,

Murchison specifically reserved the right to appeal the denial of the suppression motion.  (*Id.*

¶ 6.)  On September 3, 2020, the Court entered judgment and sentenced Murchison to

seventy-eight (78) months of imprisonment.  (ECF No. 43, at 2.)  Murchison appealed,

raising only the Fourth Amendment issue from his suppression motion.  (*See* ECF

No. 48, at 2.)  On August 11, 2021, the United States Court of Appeals for the Fourth

Circuit affirmed the Court's ruling.  (*Id.* at 3.)  On December 14, 2021, the United States

Supreme Court denied Murchison's petition for a writ of certiorari.  (ECF No. 52.)

On August 29, 2024, Murchison filed his § 2255 Motion.[2]  (ECF No. 60.)

Murchison raises the following claim for relief:

> Claim One:   "Title 18 U.S.C. § 922(g)(1) violates his Second Amendment [right]
> and does not pass . . . *Bruen*[3] muster so his sentence should be
> vacated and he should be released from prison immediately."  (*Id.*
> at 1.)

As discussed below, Murchison's § 2255 Motion is barred by the applicable

statute of limitations.

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA")

amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a

---

[2] Murchison did not indicate when he mailed the § 2255 Motion to the Court.  (*See* ECF No. 60, at 2.)  The mail was postmarked on August 29, 2024.  The Court deems the § 2255 Motion filed as of that date.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

§ 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f)    A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. 28 U.S.C. § 2255(f)(1)

The Supreme Court denied Murchison's petition for a writ of certiorari on December 14, 2021. (ECF No. 52.) Consequently, under 28 U.S.C. § 2255(f)(1), Murchison's conviction became final that day. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when t[he] [Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Hence, Murchison had until Wednesday, December 14, 2022, to file a motion under 28 U.S.C. § 2255. Because Murchison did not file his § 2255 Motion until August 29, 2024, it is untimely pursuant to 28 U.S.C. § 2255(f)(1) unless he is entitled to a belated commencement or equitable tolling. Murchison makes no argument about why the Court should consider his § 2255 Motion timely filed.

3

Nevertheless, the Government generously construes him to argue that he is entitled to a belated commencement under § 2255(f)(3).

## B.  Belated Commencement Under 28 U.S.C. § 2255(f)(3)

The Government argues that Murchison may be entitled to a belated commencement for Claim One pursuant to 28 U.S.C. § 2255(f)(3) because it is brought pursuant to *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), which was decided on June 23, 2022.  This argument fails for several reasons.  First, *Bruen* did not announce a newly recognized right that is retroactively applicable to cases on collateral review.  *See Blount v. United States*, No. 3:19-cr-119–RJC–DCK, 2024 WL 3643758, at *2 (W.D.N.C. Aug. 1, 2024) ("The Supreme Court in *Bruen*, however, did not hold that § 922(g)(1) is unconstitutional nor had such right been made retroactively applicable." (citations omitted)); *Marion v. United States*, No. 4:16–CR–00073–FL, No. 4:23-cv-00099–FL, 2024 WL 5006298, at *5 (E.D.N.C. May 6, 2024) (explaining that "multiple courts across the nation have found that *Bruen* does not support a renewed statute of limitations under § 2255(f)(3)" (citations omitted)).  Second, even if *Bruen* somehow satisfied §2255(f)(3), Murchison was required to file his § 2255 Motion within one year of the *Bruen* decision, or no later than June 23, 2023.  Murchison failed to file his §2255 Motion until August 29, 2024, more than one year after *Bruen* was decided.[4]

---

[4] Even if Murchison's challenge to his § 922(g) conviction was timely, and *Bruen* was retroactively applicable to his § 2255 Motion, it is quite clear that *Bruen* does not apply to his conviction.  Rather, "felons are not among 'the people' whose conduct the Second Amendment protects," because they are not "law-abiding responsible citizen[s]."  *United States v. Williams*, No. 3:22–cr–158–HEH, 2023 WL 6368971, at *6 (E.D. Va. Sept. 28, 2023) (citing *United States v. Lane*, 689 F.Supp.3d 232, 248 (E.D. Va. 2023)); *see United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024) (rejecting *Bruen*-based challenge to § 922(g)).

In sum, Murchison has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[5] Thus, his § 2255 Motion is untimely and will be denied.

### III.    CONCLUSION

For the foregoing reasons, Murchison's § 2255 Motion (ECF No. 60) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Final Order shall issue.

_____/s/_____
Henry E. Hudson
Senior United States District Judge

Date: April 9, 2025
Richmond, Virginia

---

[5] Neither Murchison nor the record itself suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2) or (4).

In the alternative, the Government also correctly argues that Murchison's claim is procedurally defaulted and barred from review here. The procedural default rule bars Claim One, absent a showing of cause and prejudice or actual innocence, because Murchison could have raised, but failed to raise, this claim on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *see also Linder v. United States*, 552 F.3d 391, 397 (4th Cir. 2009) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that could have been raised on appeal"). Murchison offers no cause and prejudice for the default of his claim, and he does not otherwise demonstrate that actual innocence excuses his default. Accordingly, even if his claim was not untimely, it would be barred from review here.

5